

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed April 12, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | Chapter 11 |
| **New York Inn Inc. d/b/a Viva Inn Motel** | § § § § | Case No. 21-30958 |
| Debtor. | § § § | |
| **New York Inn Inc. d/b/a Viva Inn Motel, and Viva Inn, Inc.** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adv. Pro. No. 22-03037 |
| **Associated Industries Insurance Company, Inc.** | § § § § | |
| Defendant. | § § § | |

**ORDER GRANTING DEFENDANT'S MOTION TO**
**DENY PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES**

1

Before the Court is Defendant Associated Industries Insurance Company, Inc.'s ("**AIIC**," or the "**Defendant**") *Motion to Deny Plaintiff's Claim for Attorney's Fees and Brief in Support* (the "**Motion**")[1] filed on December 13, 2022. The Motion seeks to limit Plaintiff Viva Inn, Inc's ("**Viva Inn**") recovery of attorney's fees in accordance with the provisions of Chapter 542A of the Texas Insurance Code.[2] Having considered the pleadings and the attached exhibits, the Court finds that Defendant's Motion should be and is hereby GRANTED.

I.      **JURISDICTION AND VENUE.**

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The District Court has subject matter jurisdiction over the adversary proceeding under 28 U.S.C. § 1334. Although bankruptcy courts do not have independent subject matter jurisdiction over bankruptcy cases and proceedings, 28 U.S.C. § 151 grants bankruptcy courts the power to exercise certain "authority conferred" upon the district courts. Under 28 U.S.C. § 157, district courts may refer bankruptcy cases and proceedings to bankruptcy courts for either entry of a final judgment in core proceedings or, absent consent of the parties, proposed findings and conclusions of noncore, "related to" proceedings.

This Court has related to jurisdiction over this matter pursuant to 28 U.S.C. § 157(c)(1). A proceeding is "related to" a case under title 11 "when the outcome of that proceeding could ***conceivably*** have any effect on the estate being administered in bankruptcy,"[3] in other words, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of

---

[1] ECF No. 66.
[2] *See* ECF No. 66.
[3] *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (alteration in original) (citations omitted).

the bankruptcy estate."[4] Here, New York Inn Inc. ("**New York Inn**" and together with Viva, the "**Plaintiffs**") is the debtor in the underlying Chapter 11 bankruptcy case.[5] The outcome of this adversary proceeding could conceivably impact the administration of New York Inn's bankruptcy case because if it prevails in the instant suit and is awarded any of the damages it seeks, that money will become property of the estate pursuant to 11 U.S.C. § 541(a) and be subject to the liabilities New York Inn disclosed on its schedules.[6] Any money potentially won in a lawsuit such as this one conceivably would have an effect on administration of the bankruptcy estate.[7]

## II. AUTHORITY TO ENTER A FINAL ORDER

The Defendant in this case has not consented to the entry of final orders by this Court but has declined to move this Court to withdraw the reference under 28 U.S.C. § 157(d). Should the United States District Court find that this Court does not have authority to enter a final order on this matter, this Court requests that the District Court convert this Order into a Report and Recommendation.

## III. BACKGROUND.

According to the Amended Complaint, New York Inn is a Wyoming corporation, authorized to do business in the State of Texas, with its principal place of business located at 1904 E. Pioneer Parkway, Arlington, TX 76010 (the "**Property**").[8] Viva Inn is a Texas corporation, with its principal place of business listed as the same.[9] On August 9, 2020, Viva Inn purchased

---

[4] *Id.* (citing *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988)); *see also, e.g.*, *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (holding that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simply proceedings involving the property of the debtor or the estate.").
[5] Bankruptcy Case No. 21-30958-mvl11.
[6] *See id.* at ECF Nos. 32, 52, and 69.
[7] *See Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 367 (5th Cir. 2008) (finding that the adversary proceeding could have an effect on the bankruptcy estate because a judgment against the defendant would increase the estate).
[8] *Id.* at p. 2.
[5] *Id.*

3

property, business interruption, and commercial liability insurance from AIIC, as evidenced by the Policy.[10] On or about August 17, 2020, Plaintiffs' principal, Danny Patel ("**Mr. Patel**"), requested through an insurance agent that AIIC add New York Inn as an additional insured on the Policy.[11] Following that request, AIIC added New York Inn as an additional insured specifically as to commercial liability coverage via an endorsement.[12]

The property at issue in this suit suffered a catastrophic water leak as a result of Winter Storm Uri in February of 2021, causing considerable damage and halting hotel operations entirely.[13] The freeze claim was reported on February 28, 2021 by Viva Inn's public adjuster.[14] Viva Inn sent the Defendant a presuit notice letter (the "**Letter**") on November 22, 2021.[15] New York Inn filed its *Original Complaint* (the "**Original Complaint**") on April 1, 2022, and AIIC replied with its *Answer to Complaint* (the "**Original Answer**") on May 9, 2022.[16] On June 14, 2022, AIIC filed its original *12(c) Motion to Dismiss and Brief in Support* (the "**Original Motion to Dismiss**"), which sought to dismiss the Original Complaint for lack of standing to assert certain causes of action under the Policy.[17] The Court held a hearing on the Original Motion to Dismiss and ultimately issued its *Order Granting Defendant's Motion to Dismiss with the Right to Replead*.[18]

On November 1, 2022, the Plaintiffs filed their *Amended Original Complaint* (the "**Amended Complaint**") adding Viva Inn as a plaintiff for the first time.[19] The Defendant filed its

---

[10] *See* ECF No. 52-1.
[11] *See* ECF No. 49, p. 3; *see also* ECF No. 83-1, p. 3.
[12] ECF No. 26-1, p. 6.
[13] ECF No. 52, p. 3.
[14] ECF No. 66, p. 3, ¶ 2.2.
[15] ECF No. 66-1.
[16] *See* ECF Nos. 1, 10.
[17] ECF No. 17.
[18] ECF No. 35.
[19] ECF No. 49

*Answer to Amended Complaint* (the "**Amended Answer**") on November 15, 2022.[20] On December 13, 2022, the Defendant filed the instant Motion.[21] The Plaintiffs filed their *Response to Motion to Deny Plaintiffs' Attorney's Fees and Brief in Support* (the "**Response**") on January 13, 2023.[22] The Defendant filed the *Defendant's Reply to Plaintiff's Response to Motion to Deny Plaintiff's Claim for Attorney's Fees and Brief in Support* (the "**Reply**") on January 20, 2023.[23] The Court held a hearing on January 25, 2023, hearing argument on the Motion. Counsel for both parties appeared. At the conclusion of the hearing, the Court took the matter under advisement. The following will constitute the Court's ruling on the Motion to Deny Plaintiff's Claim for Attorney's Fees.

### IV. LEGAL STANDARD – TEXAS INSURANCE CODE § 542A

The *Erie* doctrine requires federal courts to apply state substantive law when adjudicating state law claims, though procedural matters are governed by federal law.[24] Although section 542A of the Texas Insurance Code is a state procedural law, federal courts in Texas have consistently applied insurance-related notice provisions, including the presuit notice provisions of section 542A.003.[25] As such, the Court will apply the notice provisions of section 542A here, and both parties agree that section 542A.003's notice provisions apply to the Plaintiffs' claims.[26]

Tex. Ins. Code § 542A provides that notice be given to an insurer prior to the bringing of a claim related to certain property damage, imposing mandatory requirements for such notice to

---

[20] ECF No. 52.
[21] ECF No. 66.
[22] ECF No. 79.
[23] ECF No. 80.
[24] *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing to *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).
[25] *See Jordan Industries, LLC v. Travelers Indemnity Co. of Am.*, No. 7:21-cv-00114-O, 2022 WL 2719630, at *4 (N.D. Tex. Apr. 12, 2022); *see also Davis v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-00075, 2018 WL 3207433, at *3 (E.D. Tex. June 29, 2018) (gathering cases).
[26] *See, e.g.*, ECF Nos. 66 and 79.

be proper.[27] The purpose of these notice requirements is "to discourage litigation and encourage settlements," as the Texas Insurance Code seeks to facilitate efficient resolution of disputed claims.[28] If the claimant fails to provide sufficient notice, then the court "may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court."[29] A party entitled to notice, but which did not receive such notice, must file a pleading with the court within 30 days from the date the defendant files an original answer to preclude attorney's fees.[30]

## V. ANALYSIS

When AIIC filed its Amended Answer on November 15, 2022, it asserted that Plaintiffs failed to satisfy the notice requirements of section 542A.[31] In the Motion dated December 13, 2022, AIIC expanded on that assertion, arguing that Viva Inn's notice letter did not comply with section 542A.003 and requesting that this Court preclude any award of attorney's fees to Viva Inn incurred after November 15, 2022.[32] Specifically, AIIC argues that the notice letter is deficient in the following ways: (1) it was void of any calculation of reasonable and necessary fees incurred by Viva Inn as of the date of the notice letter; (2) it did not include the required statement that a copy of the notice was provided to Viva Inn; (3) it did not include a statement of AIIC's alleged acts or omissions giving rise to Viva Inn's claims; and (4) it states that Viva Inn has $400,000.00 in business income losses without providing supporting documents or any explanation as to how the losses were calculated.[33] On these grounds, AIIC avers that Viva Inn cannot recover any attorney's fees in the present case in accordance with TEX. INS. CODE § 542A.007(d). In their

---

[27] See TEX. INS. CODE § 542A.003(a).
[28] *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992).
[29] See TEX. INS. CODE § 542A.007(d).
[30] *Id.*
[31] ECF No. 52, p. 8, ¶ 3.
[32] ECF No. 66, p. 6, ¶ 3.5.
[33] See ECF Nos. 66, 80.

6

Response, Plaintiffs do not deny that the Letter fails to satisfy the requirements of section 542A.003. Rather, they raise a myriad of arguments based on the language of the statute, seeking to preclude the application of section 542A.007(d) in this case. As such, the Court will look to whether the statute applies before analyzing the Defendant's contentions that Viva Inn's fees should be precluded.

### A. Waiver – Deficiency in the Original Answer

Plaintiffs argue that AIIC waived its ability to sue for the preclusion of attorney's fees when it failed to plead and prove any deficiency in the notice letter within 30 days of its "original" answer, filed on May 9, 2022.[34] Plaintiffs cite to no authority for this assertion, relying solely on the plain language of the statute.[35] Section 542A.007(d) states the following:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to, but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed **not later than the 30th day after the date the defendant files an original answer** in the court in which the action is pending.[36]

Plaintiffs reiterate that they filed their Original Complaint on April 1, 2022, and Defendant replied with its Original Answer on May 9, 2022.[37] Considering that the Defendant's first mention of the Letter's deficiencies was made over 180 days after their original Answer was filed, Plaintiffs posit that the Defendant has waived any argument to preclude attorney's fees under section 542A.007(d).

---

[34] *See* ECF No. 79, pp. 5–6.
[35] *See id.* at 5–8.
[36] TEX. INS. CODE § 542A.007(d) (emphasis added).
[37] *See* ECF Nos. 1, 10.

7

Defendant argues that the Plaintiffs have mischaracterized both the Letter and the Original Complaint. The Defendant points out that New York Inn was not a proper claimant under Section 542A of the Texas Insurance Code for the purposes of the original Complaint.[38] Section 542A.001 of the Texas Insurance Code defines a "claim" as a "first-party" claim that: "is made by an insured under an insurance policy providing coverage for real property or improvements to real property."[39] Citing to this Court's prior ruling, the Defendant reiterates that New York Inn is *not* AIIC's insured with respect to commercial property coverage.[40]

Further, the Defendant illuminates the fact that New York Inn was the sole plaintiff listed on the Original Complaint,[41] and that the Letter was written on behalf of Viva Inn, *not* New York Inn.[42] The Defendant refers to the fact that the Letter was served on AIIC by an attorney representing himself as "retained to represent Viva Inn, Inc.," and that the Letter specifically concerned the claim that Viva Inn had submitted to AIIC.[43] Because of this, the Defendant argues that "there was no factual or legal reason to point out the deficiencies of Viva Inn's demand letter," in response to the Original Complaint.[44] The Court agrees.

In analyzing the parties' contentions on this point, the Court notes that neither party cited to any authority supporting their arguments. Other courts in Texas have noted that Section 542A of the Texas Insurance Code is still within its statutory infancy, which may explain the lack of precedent.[45] Despite that, it is well-settled that an amended complaint supersedes the original

---

[38] *See* ECF No. 80, p. 5, ¶ 1.5; p. 6, ¶ 2.1–2.2.
[39] TEX. INS. CODE § 542A.001(2)(A).
[40] *See* ECF No. 80, p. 5, ¶ 1.5.
[41] *Id.* at p. 6.
[42] *Id.* at ¶ 2.1.
[43] *Id.*
[44] *Id.*
[45] *See Jordan Industries, LLC*, 2022 WL 2719630, at *4; *see also Tarantino Properties, Inc., v. Comm. Ins. Grp., Westchester Surplus Lines Ins. Co, and All Risks, Ltd.*, No. 4:19-CV-00834, 2019 WL 6691690, (S.D. Tex. May 2, 2019) (noting how, at the time this case was decided, there was only one opinion available (from either state or federal courts) dealing with 542A.007(d)).

complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.[46] As such, in the instant case, when Plaintiffs filed their Amended Complaint adding Viva Inn as a Plaintiff, it superseded the Original Complaint that had been dismissed by this Court. Likewise, when the Defendant responded with its Amended Answer, that responsive pleading superseded the Original Answer, thereby becoming the new "original answer" for the purposes of Section 542A.007(d).[47] Based on this reasoning, the Court concludes that the Defendant's request for denial of Plaintiffs' attorney's fees is not barred by the plain language of TEX. INS. CODE § 542A.007(d).

### B. Waiver – Failure to File a Plea in Abatement

Plaintiffs next argue that the Defendant waived its right to relief under section 542A.007(d) because it did not request abatement of the proceeding within the 30th day after the Defendant filed its Original Answer, which they contend is mandatory under section 542A.005.[48] However, section 542A.005(a) simply provides the *option* for a defendant to seek abatement *in addition to* "any other act allowed by contract or by any other law."[49] Plaintiffs attempt to support their reading of the statute by distinguishing three cases cited by the Defendant in their Motion, which Plaintiffs claim "involved the *mandatory* application of the abatement provisions in the Texas Insurance

---

[46] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing to *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)); *see also Wells Fargo, N.A. v. Clower*, No. 02-20-00058-CV, 2021 WL 4205056, at *6, n. 13 (Tex. App.–Fort Worth Sep. 16, 2021, no pet.) (distinguishing between a supplemental pleading and an amended pleading, which, under TEX. R. CIV. P. 65 supersedes the prior pleading, such that the prior pleading "shall no longer be regarded as part of the pleading in the record of the cause[.]").
[47] Because the Court is applying Texas state procedural law in this proceeding when applying section 542A, the Court will note that TEX. R. CIV. P. 65 contains an exception for "those instances when it is necessary to look at the prior pleading regarding a question of limitations." *See* TEX. R. CIV. P. 65. However, Texas courts that have dealt with this issue have specifically interpreted this language in the Rule to apply when it is necessary for a court to determine whether an amended *complaint* that adds new claims relates back to the claims asserted in an earlier *complaint*. *See Amerigroup Texas, Inc. v. True View Surgery Center, L.P.*, 490 S.W.3d 562, 570–71 (Tex. App.–Houston [14th Dist.] 2016, no pet.); *Croley v. Cregler*, 180 S.W.2d 443, 445 (Tex.Civ.App.–Texarkana 1944, no writ).
[48] ECF No. 79, pp. 5–8.
[49] *See* ECF No. 80, p. 7; *see also* TEX. INS. CODE § 542A.005(a).

Code."[50] Defendant responds once again that in the cases cited by Plaintiffs, the parties *requested* abatement by the Court, which is distinguishable from the instant case, where Defendant has not requested abatement, and is instead seeking denial of attorney's fees.[51] At least one federal court in Texas has outrightly rejected the proposition that abatement is mandatory as a precondition to deny attorney's fees under section 542A.007(d). In *Jordan Industries*, the court makes cear, "[w]hat the Code clearly describes is a discretionary, non-mandatory remedy available for defendants (hence its wording that the defendant 'may file a plea in abatement')."[52] As such, the Court finds that section 542A.005 does not mandate abatement where a presuit notice letter fails to meet the requirements of section 542A.003, and therefore concludes that the Defendant's right to relief under section 542A.007(d) is not waived for lack of a plea in abatement.[53]

### C. Limiting Preclusion to Viva Inn's Fees After the Date of the Motion

Plaintiffs further argue, without citation to authority, that even if this Court grants the Defendant's Motion, "it may only do so with respect to Viva Inn's fees, and not New York Inn's fees."[54] They argue that New York Inn was the original Plaintiff, and any attorney's fees preclusion would only apply to Viva Inn, as the new plaintiff added in the Amended Complaint.[55] Further, they argue that because their attorney's fees are contingent, this inquiry is "academic at best" because counsel's fees are not based on "time spent[,] but are based on a fixed percentage

---

[50] ECF No. 79, p. 7 (emphasis added).
[51] *See, e.g.*, *Davis v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-00075, 2018 WL 3207433, at *1 (N.D. Tex. Jun. 29, 2018) ("Defendant filed a Verified Motion to Abate Pursuant to Texas Insurance Code § 542A"); *Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 WL 1697584, at *1 (N.D. Tex. Apr. 6, 2018) ("Defendants filed a verified motion to abate"); *Perrett v. Allstate Ins. Co.*, 354 F.Supp.3d 755, 757 (S.D. Tex. 2018) ("Allstate moved to abate under § 542A.003 of the Texas Insurance Code").
[52] *Jordan Indus., LLC*, 2022 WL 2719630, at *8.
[53] Plaintiffs argue the Defendant was obligated to request an abatement of these proceedings to allow Plaintiffs to cure any alleged deficiency. Section 542A does not require a defendant to file a plea in abatement for any alleged deficiency, it simply provides the option for a defendant to file such a plea. Further, the Court notes that section 542A.007(d) does not contemplate any opportunity to cure a deficiency in the presuit notice letter, thereby re-emphasizing the importance of fulfilling the presuit notice requirements of section 542A.003.
[54] ECF No. 79, p. 8.
[55] *Id.*

regardless of whether the case settled on the first day after the notice and demand was sent or after a full trial on the merits." Plaintiffs further argue that if the Motion was to be successful, Viva Inn's attorney's fees should only be precluded from the date the Motion was filed.[56]

To borrow a phrase from the Plaintiffs, the Court notes that Plaintiffs' arguments on this point are academic at best. The Defendant **never requested** this Court limit New York Inn's potential recovery of attorney's fees under section 542A.007(d) of the Texas Insurance Code. In the plain text of the Motion, the Defendant specifically requests "the Court enter an Order granting AIIC's motion and that ***Viva Inn's*** potential recovery of attorney's fees be limited to the point in time when AIIC pleaded a lack of notice[.]"[57] As such, the Court need not decide whether New York Inn's attorney's fees should be precluded.

The only question that remains to be answered is the date from which to preclude fees were the Defendant's Motion to be granted. On this point, the Plaintiffs argue specifically that preclusion should only apply from the date the Defendant's Motion was filed.[58] On the contrary, the Defendant states that because it alleged Viva Inn's Letter did not meet the requirements of section 542A.003 in its Amended Answer, "under the plain language of § 542A.007(d) of the Texas Insurance Code, Viva [Inn] may not recover any attorney's fees incurred after November 15, 2022."[59] Once again, neither party cites to any authority for these contentions. The Court will note that in each of the cases it has reviewed, courts granting motions to preclude attorney's fees under section 542A.007(d) grant relief as of the date in which the party filed its substantive motion on the presuit notice matter.[60] The Court also notes that none of the cases it has reviewed

---

[56] *Id.* at ¶ 20.
[57] ECF No. 66, p. 6, ¶ 4.1.
[58] ECF No. 79, p. 8, ¶ 20.
[59] ECF No. 66, p. 2, ¶ 1.1.
[60] *See, e.g. Jordan Indus., LLC*, 2022 WL 2719630, at *9 (precluding attorney's fees from the date Travelers filed its attorney's fees motion); *Pemberton v. Unitrin Preferred Ins. Co.*, No. 1:21-CV-00452-RP, 2022 WL 2763160, at *3 (W.D. Tex. Jan. 6, 2022) (granting Unitrin's motion from the date it affirmatively moved for preclusion based on

specifically addressed whether pleading the deficiency in an answer may "start the clock" on preclusion. However, the Court considers the language of the statute to be instructive here. Section 542A.007(d) provides that "a pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer."[61] As such, because section 542A.007(d) specifically refers to "a pleading under this subsection" as separate from "an original answer," the Court concludes that the operative date is when the Defendant filed the Motion.

### D. Applicability of the Notice Requirements of Section 542A.003

The Plaintiffs' final contention was made in oral argument at the hearing on the merits of Defendant's Motion. Plaintiffs argued that section 542A.007(d) does not preclude attorney's fees if a claimant failed to abide by ***any*** of the notice requirements of section 542A.003, but rather ***only*** if the claimant did not provide notice "stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)."[62] Presumedly, the Plaintiffs argue this contention because they believe the Letter, if deficient in other areas, fulfills the requirement of section 542A.003(b)(2). In support, the Plaintiffs cite to a recent opinion, *Mumtaz v. Allstate Vehicle and Property Insurance Company*, where the court held that a presuit notice letter that only met the requirement of section 542A.003(b)(2) to "state the specific amount alleged to be owed by the insurer," was enough to satisfy the requirements of section 542A.007(d).[63] Under this theory, the court declined to preclude attorney's fees.[64] In response, the Defendants referred the Court to cases cited in their Reply where

---

plaintiff's failure to provide timely notice); *PMG Int'l, Ltd. v. Travelers Indemnity Co. of Am.*, 2020 WL 10056294, at *2 (precluding attorney's fees incurred after the date defendant filed its motion).
[61] TEX. INS. CODE § 542A.007(d).
[62] *Id.*
[63] *See Mumtaz v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:22-cv-00542, 2023 WL 137461, at *3 (E.D. Tex. 2023).
[64] *Id.*

federal courts in Texas have granted motions under section 542A.007(d) for failure to meet the other requirements of Section 542A.003.[65]

The *Mumtaz* decision that Plaintiffs rely on is distinguishable from the instant case in one key way. The defendant in *Mumtaz* requested both abatement and the preclusion of attorney's fees.[66] In *Mumtaz*, the court stated that the only issue in that case was whether the plaintiff's presuit notice satisfied the statutory requirements. The court then held that the notice was deficient under section 542A.003 for two different reasons.[67] In reaching its decision, the *Mumtaz* court specifically highlighted the language in section 542A.005 requiring a court to abate a proceeding upon request whenever a defendant did not receive proper pre-suit notice "for any reason."[68] The *Mumtaz* court then compared that language to the sole and specific mention of section 542A.003(b)(2) in section 542A.007(d).[69] It was on that comparison which the *Mumtaz* court based its opinion that section 542A.007(d) should not be applied to preclude attorney's fees in that case.

In contrast to *Mumtaz*, the Court found one case in particular to be most persuasive: *Jordan Industries, LLC v. Travelers Indemnity Company of America*, a decision out of the United States District Court for the Northern District of Texas.[70] In *Jordan Industries*, like in the instant case, the plaintiff contended that even though its letter failed to meet the other requirements of section 542A.003, attorney's fees preclusion was not proper because its letter met the specific requirement

---

[65] *See, e.g., Pemberton*, 2022 WL 2763160, at *2 (holding that plaintiff was deficient under 542A.003(b)(3), and granting defendant's motion to preclude attorney's fees); *Jordan Indus., LLC*, 2022 WL 2719630, at * 5 (where presuit notice had met section 542A.003(b)(2)'s requirement, but failed to satisfy (b)(1) and (b)(3), court granted motion to preclude attorney's fees); *see also Sarwar v. General Star Indemnity Co.*, No. 3:22-CV-0941-G, 2023 WL 36073, at *3 (N.D. Tex. Jan. 3, 2023); *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F.Supp.3d 534, 537 (S.D. Tex. 2021).
[66] *Mumtaz*, 2023 WL 137461, at *1.
[67] *See id.* at *2.
[68] *Id.*
[69] *See id.* at *3 ("542A.007(d) does not preclude attorney's fees if a claimant failed to abide by § 542A.003's notice requirements for ***any*** reason… The statute only limits fees if the claimant did not provide notice… under Section 542A.003(b)(2)").
[70] 2022 WL 2719630, at *6.

of section 542A.003(b)(2). Relying upon the policies underpinning the Texas Insurance Code, the Honorable Hal Ray, Jr. declined to endorse the position taken by the plaintiff that section 542A.007(d) would refer to the term, "presuit notice," without reading into that term each requirement specifically enumerated in section 542A.003(b). This Court agrees with the reasoning in *Jordan Industries*.

As the Texas Supreme Court emphasized in *Hines v. Hash*, and Judge Ray reiterated in *Jordan Industries*, each section in the Texas Insurance Code serves an important purpose.[71] In order to achieve the substantive policy objectives of the Code, the Court should view them as a whole and apply the law in the way that most advances those objectives.[72] Section 542A.003 requires **proper** presuit notice in order to provide reasonable time for insurers to assess liability and make a settlement offer. Section 542A.005 serves as the quickest way courts can pause proceedings to facilitate the settlement process in the absence of **proper** notice. Finally, section 542A.007 serves as a means of enforcing the requirements of the prior sections.[73] To accept plaintiff's reading of section 542A.007(d), this Court would be ignoring the Texas Supreme Court's guidance in *Hines* that **each** of the Code's provisions must work together to provide efficiency in incentivizing claim settlements.[74] As Judge Ray pointed out, without section 542A.007, "plaintiffs would face little more than a judicial slap on the wrist" if they chose not to comply with **each** of the notice requirements of section 542A.003.[75] The Court does not believe that section 542A.007(d)'s specific mention of 542A.003(b)(2) can be read in a vacuum. To read

---

[71] *See Jordan Industries, LLC*, 2022 WL 2719630, at *4 (citing to *Hines*, 843 S.W.2d at 468–69).
[72] *Id.*
[73] *See* TEX. INS. CODE §§ 542A.003, 542A.005, and 542A.007.
[74] *See Hines*, 843 S.W.2d at 468–69.
[75] *See Jordan Industries, LLC*, 2022 WL 2719630, at *4.

the reference to section 542A.003(b)(2) as the sole requirement for the limitation of the applicability of section 542A.007(d) "conflates emphasis with exclusivity."[76]

Here, the Defendant has not moved the Court for abatement of this proceeding. Instead, the Defendant has moved the Court for enforcement of the "presuit notice" requirements of section 542A.007(d). This Court declines to extend the limitation that the *Mumtaz* court places on section 542A.007(d), especially where the Defendant in this case has not requested abatement under section 542A.005. As such, this Court concludes that all of the notice requirements of section 542A.0003(b) apply to the "presuit notice" required by section 542A.007(d).

### E. Viva Inn's Letter Does Not Meet the Requirements for Presuit Notice

In the instant case, the parties do not dispute that AIIC is a "defendant in an action to which this chapter applies."[77] AIIC filed its Motion on December 13, 2022, which is within the statutorily defined limitations period, as discussed above.[78] Similarly, the Letter was sent on November 22, 2021, a little over four months prior to New York Inn's Original Complaint, and nearly one year prior to the insured, Viva Inn, filing suit.[79] The Defendant alleges that the Letter fails to meet several of the presuit notice requirements contained in section 542A.003, including sections 542A.003(b)(1) and (b)(3), specifically.[80] In responding to these contentions at the hearing on the Motion, Plaintiffs contended only that their Letter meets the requirements of § 542A.003(b)(2) and otherwise sought to reform the Letter. Reformation defeats the policy behind the presuit notice statute. Thus, because the Letter met only one of the three statutory requirements for presuit notice

---

[76] *Id.* at *5.
[77] TEX. INS. CODE §§ 542A.007(d).
[78] *Id.*
[79] *See, e.g.,* ECF Nos. 1, 49, and 66-1.
[80] The Defendant argues that (1) the Letter was deficient under section 542A.003(b)(3) because it was void of any calculation of reasonable and necessary fees incurred by Viva Inn as of the date of the notice letter; (2) the Letter was deficient under section 542A.003(c)(2) for failing to include a statement that a copy of the notice was provided to Viva Inn; and (3) the Letter was deficient under section 542A.003(b)(1) for failure to include a statement of AIIC's alleged acts or omissions giving rise to Viva Inn's claims. *See, e.g.,* ECF No. 66-1.

15

under section 542A.003, the Court finds that Viva Inn is precluded from recovering attorney's fees incurred in this action from the date the Defendant filed its Motion with this Court.

## VI. Conclusion

Accordingly, the Court hereby finds that the Defendant in this case has properly pled and proven its right to preclude the attorney's fees of Viva Inn after December 13, 2022, for lack of proper presuit notice under section 542A.007(d). Further, this Court finds that chapter 542A of the Texas Insurance Code did not require the Defendant to file a plea in abatement under section 542A.005 prior to seeking preclusion of attorney's fees under section 542A.007(d). This Court also finds good cause to grant the Motion, because Viva Inn's presuit notice letter only fulfilled one of the three notice requirements of section 542A.003 of the Texas Insurance Code. Based on the foregoing, it is hereby

**ORDERED** that the Defendant's Motion to Deny Plaintiff's Claim for Attorney's Fees is hereby **GRANTED**, and Viva Inn's attorney's fees are precluded after December 13, 2022, as set forth more fully in the Order.

###END OF ORDER###