

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 12, 2023**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **New York Inn Inc. d/b/a Viva Inn Motel** | § § § | **Case No. 21-30958-mvl11** |
| Debtor. | § § § | |
| **New York Inn Inc. d/b/a Viva Inn Motel, and Viva Inn, Inc.** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | **Adv. Pro. No. 22-03037** |
| **Associated Industries Insurance Company, Inc.** | § § § § | |
| Defendant. | § § | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1

Before the Court is Defendant Associated Industries Insurance Company, Inc.'s ("**AIIC**" or the "**Defendant**") *12(c) Motion to Dismiss and Brief in Support* (the "**Motion to Dismiss**") filed on December 9, 2022.[1] The Motion to Dismiss seeks to dismiss New York Inn, Inc. ("**New York Inn**") as a plaintiff for lack of standing to bring the claims specified in the Amended Original Complaint (the "**Amended Complaint**"), filed on November 1, 2022.[2] By the Amended Complaint, Plaintiffs New York Inn and Viva Inn, Inc. ("**Viva Inn**" and together with New York Inn, the "**Plaintiffs**") assert certain causes of action under an insurance policy (the "**Policy**") for property damage to a hotel and the resulting business interruption caused by the February 2021 Texas freeze event.[3] Having considered the pleadings and the attached exhibits, the Court finds that Defendant's Motion to Dismiss should be and is hereby GRANTED.

I.    **JURISDICTION AND VENUE.**

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The District Court has subject matter jurisdiction over the adversary proceeding under 28 U.S.C. § 1334. Although bankruptcy courts do not have independent subject matter jurisdiction over bankruptcy cases and proceedings, 28 U.S.C. § 151 grants bankruptcy courts the power to exercise certain "authority conferred" upon the district courts. Under 28 U.S.C. § 157, district courts may refer bankruptcy cases and proceedings to bankruptcy courts for either entry of a final judgment in core proceedings or, absent consent of the parties, proposed findings and conclusions of noncore, "related to" proceedings.

This Court has related to jurisdiction over this matter pursuant to 28 U.S.C. § 157(c)(1). A proceeding is "related to" a case under title 11 "when the outcome of that proceeding could

---

[1] ECF No. 65.
[2] ECF No. 49.
[3] *Id.* at p. 4.

2

*conceivably* have any effect on the estate being administered in bankruptcy,"[4] in other words, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."[5] Here, New York Inn is the debtor in the underlying Chapter 11 bankruptcy case.[6] The outcome of this adversary proceeding could conceivably impact the administration of New York Inn's bankruptcy case because if it prevails in the instant suit and is awarded any of the damages it seeks, that money will become property of the estate pursuant to 11 U.S.C. § 541(a) and be subject to the liabilities New York Inn disclosed on its schedules.[7] Any money potentially won in a lawsuit such as this one conceivably would have an effect on administration of the bankruptcy estate.[8]

## II.     AUTHORITY TO ENTER A FINAL ORDER

Rule 12 of the Federal Rules of Civil Procedure (the "**Rules**") applies to this adversary proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Defendant in this case has not consented to the entry of final orders by this Court, but has declined to move this Court to withdraw the reference under 28 U.S.C. § 157(d). Should the United States District Court find that this Court did not have authority to enter a final order in this case, this Court requests that the District Court convert this Order into a Report and Recommendation.

---

[4] *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (alteration in original) (citations omitted).
[5] *Id.* (citing *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988)); *see also, e.g.*, *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (holding that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simply proceedings involving the property of the debtor or the estate.").
[6] Bankruptcy Case No. 21-30958-mvl11.
[7] *See id.* at ECF Nos. 32, 52, and 69.
[8] *See Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 367 (5th Cir. 2008) (finding that the adversary proceeding could have an effect on the bankruptcy estate because a judgment against the defendant would increase the estate).

### III. BACKGROUND.

According to the Amended Complaint, New York Inn is a Wyoming corporation, authorized to do business in the State of Texas, with its principal place of business located at 1904 E. Pioneer Parkway, Arlington, TX 76010 (the "**Property**").[9] Viva Inn is a Texas corporation, with its principal place of business also listed at the same address.[10] On August 9, 2020, Viva Inn purchased property, business interruption, and commercial liability insurance from AIIC, as evidenced by the Policy.[11] On or about August 17, 2020, Plaintiffs' principal, Danny Patel ("**Mr. Patel**"), requested through an insurance agent that AIIC add New York Inn as an additional insured on the Policy.[12] Plaintiffs allege that this request was prompted by a request from Spectra Bank, the mortgagee of the Property, who was identified as a loss payee on the Policy.[13] Following that request, AIIC added New York Inn as an additional insured specifically as to commercial liability coverage via an endorsement.[14] Subsequently, the Property suffered a catastrophic water leak as a result of Winter Storm Uri in February of 2021, causing considerable damage and halting hotel operations entirely.[15]

On December 9, 2022, the Defendant filed its second Motion to Dismiss. On January 12, 2023, the Plaintiffs filed their *Response to 12(c) Motion to Dismiss Amended Complaint and Brief in Support* (the "**Response**"),[16] which requested that the Court deny the Motion to Dismiss, or in the alternative, requested that the Court grant the Plaintiffs a further opportunity to amend and

---

[9] ECF No. 49, p. 2.
[5] *Id.*
[11] *See* ECF No. 52-1.
[12] ECF No. 49, p. 3; *see also* ECF No. 83-1, p. 3.
[13] *See* ECF No. 49, p. 3, ¶ 6.
[14] ECF No. 26-1, p. 6.
[15] ECF No. 49, p. 4.
[16] ECF No. 78.

replead if the Court was inclined to grant the Motion to Dismiss. The Defendant filed its *Reply to Response to 12(c) Motion to Dismiss* (the "**Reply**") on January 23, 2023.[17] The next day, on January 24, 2023, the Plaintiff filed its *Surreply to 12(c) Motion to Dismiss Amended Complaint and Brief in Support* (the "**Surreply**").[18] The Court held a hearing on January 25, 2023, hearing argument on Defendant's Motion to Dismiss. Counsel for both parties appeared. At the conclusion of the hearing, the Court took the matter under advisement. The following will constitute the Court's ruling on the Motion to Dismiss.

## IV. LEGAL STANDARD – MOTION TO DISMISS

The Defendant has asked this Court to dismiss the Complaint pursuant to Rule 12(c), as incorporated by Bankruptcy Rule 7012(b).[19] Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[20] This allows the Court to dismiss a claim when it is clear that the Plaintiff can prove no set of facts in support of its pleaded claims that would entitle it to relief.[21] Generally, in considering a motion under Rule 12(c), the Court must limit itself to the pleadings, including attachments thereto.[22] The standard for dismissal under Rule 12(c) is the same as dismissal for failure to state a claim under Rule 12(b)(6).[23] As such, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.[24]

---

[17] ECF No. 82.
[18] ECF No. 83.
[19] ECF No. 65 at p. 14.
[20] FED. R. CIV. P. 12(c).
[21] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).
[22] *In re Provider Meds, LP,* Adversary No. 14–3031–BJH, 2014 WL 4162870, at *2 (Bankr. N.D. Tex. Aug. 20, 2014) (Houser, J.).
[23] *In re Teraforce Tech. Corp.*, 379 B.R. 626, 633 (Bankr. N.D. Tex. 2007) (Houser, J.) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).
[24] *Id.* The Plaintiff must plead "enough facts to state a claim to relief that tis plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

V.  **ANALYSIS**

The Defendant argues that New York Inn, specifically, lacks standing to bring the claims alleged in the Amended Complaint and as such, the Amended Complaint fails to state a claim upon which relief may be granted.[25] Plaintiffs allege that New York Inn has standing to plead separate causes of action for breach of contract and extracontractual damages under a number of legal theories because New York Inn was an intended and disclosed third-party beneficiary to the Policy and is the owner of the damaged premises suffering the financial loss.[26] Alternatively, the Plaintiffs argue that there is contractual uncertainty in the Policy and requests this Court reform the contract to include New York Inn as a named insured for property coverage and issue a declaratory judgment in its favor, thereby granting New York Inn the right to sue the Defendant for breach of the insurance contract.[27] The Court will address each of the parties' contentions in turn.

**A. Standing - Breach of Contract**

In Texas, a party who is not "a named insured, additional insured, or third-party beneficiary has no standing to sue for failure to pay insurance benefits."[28] Courts applying Texas law have consistently ruled that, "[w]hen interpreting an insurance policy with multiple coverages, each of the coverages, along with its definitions and exclusions, must be read as separate and distinct."[29] In other words, "[s]eparate coverages comprise distinct, contemporaneous contracts."[30]

AIIC posits that New York Inn lacks standing to assert a breach of contract claim as the claim arises under the property damage and business interruption portions of the Policy, to which

---

[25] *See* ECF Nos. 65, 82.
[26] *See* ECF No. 78, pp. 7–9; *see also* ECF No. 83, pp. 2–4.
[27] ECF No. 78, p. 14, ¶ 33.
[28] *See Mokhtar v. Penn-America Ins. Co.*, No. 3:16–CV–01168–O, 2016 WL 9527963, at *3 (N.D. Tex. Jun. 22, 2016) (gathering cases).
[29] *Id.* (quoting *Travelers Lloyds Ins. Co. v. Dyna Ten Corp.*, No. 2–08–502–CV, 2009 WL 2619232, at *4 (Tex. App.–Fort Worth Aug. 26, 2009, no pet.)).
[30] *Id.*; *see also TIG Ins. Co. v. San Antonio YMCA*, 172 S.W.2d 652, 660 (Tex. App.–San Antonio 2005, no pet.).

it is not a named insured, additional insured, nor a third-party beneficiary.[31] AIIC also points out that in this Court's prior ruling on the Defendant's original Motion to Dismiss, the Court noted that Viva Inn is the sole named insured for the purposes of property coverage and business interruption on the Policy.[32] The Plaintiffs do not specifically allege that New York Inn was ever a named insured to the operative portions of the Policy.[33] Instead, Plaintiffs allege that New York Inn has standing to bring a breach of contract action because it was "an intended and disclosed third-party beneficiary to the [P]olicy at the very least."[34]

In order for New York Inn to qualify as a third-party beneficiary of the property insurance portion of the Policy, Plaintiffs would have to plausibly plead three things: (1) that New York Inn was not privy to the written agreements, (2) that the contracts were actually made for New York Inn's benefit, and (3) that the contracting parties intended for New York Inn to benefit by their written agreements.[35] The Supreme Court of Texas has provided the following guidance:

> [a] court will not create a third-party beneficiary contract by implication. The intention to contract or confer a direct benefit to a third-party must be clearly and fully spelled out or enforcement by the third-party must be denied. Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third-party to benefit from the contract.[36]

Like all Texas contracts, if language in an insurance policy is worded so that "it can be given a definite or certain legal meaning," it is unambiguous, and courts construe it as a matter of law.[37] Courts are limited to reviewing "the four corners of the instrument,"[38] and as such, the burden of

---

[31] ECF No. 65, pp. 10–11; *see also* ECF No. 82, pp. 2–4.
[32] ECF No. 35, pp. 3–4.
[33] *See* ECF Nos. 49, 78, and 83.
[34] ECF No. 78, p. 9, ¶ 20; *see also* ECF No. 83, pp. 2–4.
[35] *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. Am. Bankers Ins.*, 924 F.2d 1347, 1350–51 (5th Cir. 1991).
[36] *MCI Telecomm. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).
[37] *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).
[38] *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 113 F.Supp.3d 924, 936 (W.D. Tex. 2015) (quoting *In re El Paso Refinery, LP*, 302 F.3d 343, 354 (5th Cir. 2002)).

showing intent is "a heavy one."[39] Importantly, courts have consistently held that, "the question is not what the parties meant to say, but the **meaning of what they did say**."[40]

At this stage, the Court is required to take the well-plead allegations in the Amended Complaint as true and draw all reasonable inferences in favor of the Plaintiff. The Amended Complaint contends that Mr. Patel requested his insurance agent add New York Inn as an additional insured to the Policy.[41] Following his request, New York Inn was added as an additional insured for commercial general liability coverage on the Policy, as evidenced by an endorsement.[42] However, Plaintiffs allege that Mr. Patel never intended for New York Inn's coverage to be limited to commercial general liability coverage.[43] Instead, Plaintiffs claim the limitations on New York Inn's coverage resulted from a mistake by AIIC, alleging that AIIC had knowledge of the parties' history and the intent behind Mr. Patel's request.[44] Therefore, Plaintiffs believe New York Inn should be considered a third-party beneficiary for the purposes of standing in the present case.[45]

Even if the Court were to accept all of Plaintiffs' factual allegations as true, the Plaintiffs cannot establish that New York Inn is a third-party beneficiary under the operative sections of the Policy. The Court finds that the provisions contained within the four corners of the Policy do not state or imply any intent on the part of AIIC to benefit New York Inn for the purposes of property coverage or business interruption loss.[46] The Policy names only Viva Inn as the insured for those

---

[39] *Id.* (quoting *In re GGM, P.C.*, 165 F.3d 1026, 1030 (5th Cir. 1999)); *see also Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) ("When discerning the contracting parties' intent, courts must examine the entire agreement and give effect to each provision so that none is rendered meaningless.").
[40] *See Talman*, 924 F.2d at 1351–52 (emphasis added) (quoting *Republic Nat. Bank of Dallas v. National Bankers Life Ins. Co.*, 427 S.W.2d 76, 79–80 (Tex. App.–Dallas 1968, writ ref'd n.r.e)); *see also Chartis,* 113 F.Supp.3d at 936.
[41] ECF No. 49, p. 3; *see also* ECF No. 52-2.
[42] *See* ECF No. 26-1, p. 6.
[43] ECF No. 78, pp. 8–9.
[44] Plaintiffs allege that AIIC knew that New York was the owner of the Property and that AIIC was aware that Spectra Bank had requested New York Inn be added as an additional insured for all purposes. *See* ECF No. 49, p. 3, ¶ 7; *see also* ECF No. 83, p. 3, ¶ 5.
[45] ECF No. 83, p. 3.
[46] *See* ECF No. 52-1.

coverages,[47] and contains only a single reference to New York Inn, in an endorsement specifically for the purposes of commercial liability coverage.[48]

Further, although Plaintiffs allege that AIIC had knowledge of New York Inn's ownership of the Property and was aware of Spectra Bank's request to add New York Inn as an additional insured for all purposes, the Plaintiffs have failed to plead any facts that show that **AIIC** ever intended for New York Inn to benefit from property coverage or business interruption coverage on the Policy. In *1544 Tchoupitoulas LLC v. Century Sur. Co.*, the Fifth Circuit upheld a district court's award of summary judgment against a plaintiff for lack of standing to sue for damages on an insurance policy in a factual situation that is very similar to this one.[49] In that case, the plaintiff was the owner of hurricane-damaged property. Prior to the damage, insurance company records showed that the plaintiff had requested the insurance company add the plaintiff as an additional insured under the property coverage portion of the policy.[50] The Fifth Circuit upheld the summary judgment decision against the plaintiff where, similar to the instant case, the endorsement to the policy only added the plaintiff as an additional insured for the purposes of general liability, resulting in the insurer having "no duty, under this policy, to provide coverage to [the plaintiff] for the property damage."[51]

The Fifth Circuit and other federal courts have consistently held that **both** contracting parties must clearly have demonstrated their intention to benefit an alleged third-party beneficiary in order to confer that status on a plaintiff. For example, in *Talman Home Federal Sav. & Loan Ass'n of Illinois v. American Bankers Ins.*, the Fifth Circuit upheld a judgment dismissing a

---

[47] *Id.*
[48] *See* ECF No. 26-1, p. 6.
[49] *See 1544 Tchoupitoulas LLC v. Century Sur. Co.*, 260 F. App'x 748, 749–50 (5th Cir. 2008).
[50] *Id.*
[51] *Id.* at 750.

plaintiff's complaint alleging breach of contract where the plaintiff lacked standing to sue because the contracting parties did not plainly evince an intent to benefit plaintiff within the four corners of the written instrument.[52] In consideration of the foregoing, the Court concludes that New York Inn does not have standing to bring suit for breach of contract because it is not a named insured, an additional insured, or an intended third-party beneficiary of the operative portions of the Policy.

### B. Standing – Deceptive Trade Practices Act

In the Amended Complaint, Plaintiffs assert that Defendant violated the Texas Deceptive Trade Practices Act (the "**DTPA**").[53] To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages.[54] Regarding the first element, a "consumer" under the DTPA is an individual "who seeks or acquires by purchase or lease, any goods or services," and "the goods or services purchased or leased must form the basis of the complaint."[55]

In the instant case, AIIC argues that New York Inn is not a "consumer" for the purposes of the DTPA claim, as New York Inn was not the purchaser of the Policy from AIIC and was never

---

[52] *See Talman*, 924 F.2d at 1350; *see also Mokhtar*, 2016 WL 9527963, at *4 (dismissal was proper where managing partner of an entity could not plead any facts that demonstrated both parties contracted for said partner's benefit, as the entity was the only named insured and the instrument made no mention of the managing partner); *see also, e.g., Barrios v. Great Am. Assur. Co.*, No. H–10–3511, 2011 WL 3608510, at *4 (S.D. Tex. Aug. 16, 2011) (plaintiffs could not establish themselves as third-party beneficiaries because they failed to show evidence that defendant intended to secure a benefit for plaintiffs in contract).
[53] ECF No. 49, p. 15.
[54] *Barrios*, 2011 WL 3608510, at *4 (quoting *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.–Ft. Worth 2007, writ denied)).
[55] TEX. BUS. & COM. CODE § 17.45(4); *see also Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

10

insured under the portions of the Policy in question.[56] Plaintiffs argue that because New York Inn "[sought] to acquire" insurance services from AIIC, it is a proper consumer under the DTPA.[57] At best, *Viva Inn* sought to add New York Inn to the Policy. New York Inn was never a contracting party. As the court noted in *Kasprzak v. Am. Gen. Life & Acc. Ins. Co.*, "a plaintiff cannot have standing in a law suit relating to an insurance product which the plaintiffs did not buy."[58] As such, the Court finds that Plaintiffs cannot establish that New York Inn is a consumer for the purposes of their DTPA claim.

Regarding the second element, even assuming *arguendo* that Plaintiffs could establish New York Inn as a proper consumer for the purposes of a DTPA claim, the Court finds that Plaintiffs have failed to plead sufficient facts to allege that AIIC engaged in some sort of "false, misleading, or deceptive act or practice" or in an "unconscionable action or course of action" with respect to New York Inn or the Policy.[59] Finally, on the third element, the Plaintiffs have failed to plausibly illustrate a causal relationship between the alleged damages and AIIC's actions with respect to New York Inn, specifically. Given the foregoing, the Court finds good reason to grant the Motion to Dismiss with regard to New York Inn's claim under the DTPA.

### C. Standing – Breach of Good Faith and Fair Dealing and the Texas Insurance Code

Because New York Inn is, at most, a third-party claimant and not an insured under the operative portion of the Policy, New York Inn lacks standing to assert a claim for a breach of the duty of good faith and fair dealing or for alleged violations of the Texas Insurance Code.[60] "[A]

---

[56] *See* ECF No. 65, pp. 7–8.
[57] ECF No. 78, pp. 9–10.
[58] 942 F. Supp. 303, 305–06 (E.D. Tex. 1996) (holding that even if plaintiffs suffered an injury in fact from their purchase of a particular policy from an insurance company, such injury cannot serve as a basis for arguing that plaintiffs have standing in a lawsuit relating to a separate insurance product which they plaintiffs did not buy).
[59] TEX. BUS. & COM. CODE §§ 17.46(b), 17.50(a).
[60] *See Trans. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 279–80 (Tex. 1995); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994).

third-party claimant has no contract with the insurer or the insured, … has no legal relationship to the insurer … [and] has no basis upon which to expect or demand the benefit of the extra-contractual obligations imposed on insurers under [Texas Insurance Code § 541]."[61] Further, "insurers do not owe a duty of good faith and fair dealing to third-party claimants."[62] With that precedent in mind, the Court finds that New York Inn lacks standing to allege a cause of action either under the Texas Insurance Code or for the alleged breach of good faith and fair dealing.

### D. Standing - Reformation of Contract

Plaintiffs request that the Court ***reform*** the Policy to include New York Inn as an additional insured "without limitation to simply general liability," thereby ***declaring*** New York Inn's right to bring a breach of contract claim.[63] Plaintiffs argue that the Court should allow reformation because either (a) a unilateral mistake was made accompanied by fraud by AIIC, or (b) a mutual mistake occurred.[64] AIIC argues that New York Inn, specifically, lacks standing to bring a cause of action for reformation of the Policy because it is not a party to, nor a third-party beneficiary of the Policy.[65] Courts applying Texas law have consistently held that an action for reformation of contract may only be brought by the immediate parties to the contract and those standing in privity with them.[66] In light of the foregoing, the Court concludes that New York Inn does not have standing to request reformation of the Policy.

---

[61] *Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 220 (Tex. App.–Houston [1st Dist.] 2004) (quoting *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994)).
[62] *Barrios*, 2011 WL 3608510, at *5 (quoting *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994)).
[63] ECF No. 49, pp. 18–19.
[64] *Id.*
[65] ECF No. 65, p. 10, ¶ 3.10.
[66] *See, e.g. Sims v. Haggard*, 346 S.W.2d 110, 114 (Tex. 1961) (holding that even where a person had an interest in land covered by deeds which were sought to be reformed on the grounds of mutual mistake, such person who did not execute deeds was not a proper party to the suit for reformation); *Merrimack Mut. Fire Ins. Co. v. Allied Fairbanks Bank*, 678 S.W.2d 575, 577 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding that where appellant was not a party to, nor a third-party beneficiary of the contract, appellant had no right to maintain an action for breach or reformation of that contract); *Zaiontz v. Trinity Universal Ins. Co.*, 87 S.W.3d 565, 574 (Tex. App.–San Antonio 2002, pet. denied) (holding that where appellants were not parties to the insurance contract between their employer and the insurance provider, appellants did not have standing to seek reformation declaring them parties to the contract).

**E. Declaratory Judgment**

Plaintiffs request that the Court enter a number of declarations so that "the insurance contract [may] be construed, or in other words ***reformed***, to include New York Inn as a contracting party in a legal relationship with AIIC."[67] They argue that this should be accomplished by a "declaration of rights," because "the contractual uncertainties must be judicially resolved."[68] AIIC, on the other hand, argues that declaratory relief should be denied because the requested declarations (1) address issues that have already been ruled on by the Court, (2) ask the Court to declare facts that will be decided with respect to the other causes of action asserted, (3) are entirely irrelevant, or (4) have no legal basis for which the Court could issue the declarations.[69]

Federal courts have broad discretion to grant or refuse declaratory judgment.[70] "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[71] Although the Declaratory Judgment Act grants federal courts competence to make a declaration of rights, it does not impose a duty to do so.[72] To raise a claim in federal court, "plaintiffs must demonstrate both that a federal court will have jurisdiction over their claim, and also that they (the plaintiffs) have a right of action to initiate that claim."[73] Within this framework, the issue of a party's standing factors into the court's jurisdictional limits.[74] Standing to seek declaratory judgment is subject to these same requirements.[75] The Fifth Circuit has held that claims for declaratory relief may be

---

[67] ECF No. 78, p. 14, ¶ 33.
[68] *Id.*
[69] *See* ECF No. 82, pp. 4-5.
[70] *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).
[71] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).
[72] *Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).
[73] *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (quoting *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.r. Passengers*, 414 U.S. 453, 455–56 (1974)).
[74] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[75] *See Bennett v. Spear*, 520 U.S. 154, 162 (1997).

brought by "parties to or third-party beneficiaries of the contract."[76] Thus, the question of whether Plaintiffs have standing to seek declaratory judgment from this Court hinges on whether each Plaintiff is a party to or third-party beneficiary of the contract.[77] Given the Court's prior finding that New York Inn is, **at best**, a third-party claimant to the provisions of the Policy at issue, the Court concludes that New York Inn lacks standing to seek declaratory judgment on this matter.

Viva Inn **is** in fact a party to the operative provisions of the Policy, and therefore **has** standing to request declaratory judgment. Despite this, while Plaintiffs claim to desire a simple declaration of their rights under the contract, what Plaintiffs are actually requesting is that the Court grant New York Inn a substantive right to bring a cause of action that it would not otherwise have standing to bring.[78] The Declaratory Judgment Act "[does] not create a substantive right to pursue relief in federal court. Instead, [it] only provide[s] a new remedy if it 'is otherwise appropriate.'"[79] Here, the Court has already determined that New York Inn does not have standing to bring any of the causes of action alleged in the Amended Complaint. Allowing Viva Inn to request the same relief is an end-run around New York Inn's lack of standing. As such, even though Viva Inn has standing to request declaratory judgment from this Court, the crux of the relief that Plaintiffs request is not available under the Declaratory Judgment Act.[80] In consideration of the

---

[76] *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 2000).
[77] *See, e.g.*, *BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 F. App'x 351, 356 (5th Cir. 2012) (holding that the operative question on whether an individual had standing to seek a declaratory judgment in a breach of contract dispute hinged on whether the individual was a party or third-party beneficiary of the contract in question).
[78] *See, e.g.*, ECF No. 49, p. 17, ¶ 49(b) ("To the extent that Viva Inn, Inc. is found to have standing independent from New York Inn, Inc. as to any cause of action, that Viva Inn, Inc. and New York Inn, Inc. are in fact one in the same being that the sole asset of either entity is the subject hotel"); *see also* ECF No. 49, p. 18, ¶ 49(e) ("In adding New York Inn, Inc. as an additional insured in August 2020, New York Inn, Inc. was an additional insured for all purposes, not simply for general liability").
[79] *Harris County*, 791 F.3d at 553.
[80] *See Harris County*, 791 F.3d at 553 ("The [Declaratory Judgment] Act … [is] not jurisdictional. [It is] procedural only, and merely grant[s] authority to the courts to use a new remedy in cases over which they otherwise have jurisdiction.").

foregoing, the Court hereby concludes that the Plaintiffs' cause of action for declaratory judgment should be dismissed in its entirety.

## VI. Conclusion

Accordingly, the Court grants the Defendant's Motion to Dismiss New York Inn, Inc. as a Plaintiff with prejudice for lack of standing, and grants the Defendant's Motion to Dismiss Plaintiff Viva Inn, Inc's Declaratory Judgment cause of action. The Court further denies Plaintiffs' request to replead. This is the Defendant's second 12(c) motion, and Plaintiffs have already amended their Complaint twice before.[81] In its *Order Granting Second Motion for Continuance and Motion to File Amended Complaint*, the Court cautioned the Plaintiffs that their next amended complaint would need to address the jurisdictional issues alleged in the Defendant's first motion to dismiss.[82] As far back as *Foman v. Davis,* the Supreme Court has recognized that courts may deny leave to amend a complaint based on the "repeated failure to cure deficiencies by amendments previously allowed … [and] futility of the amendment."[83] As such, it is this Court's opinion that further amendment would be futile, and therefore the Court denies Plaintiffs' request to replead their Complaint.

It is well settled that "the issue of standing is one of subject matter jurisdiction."[84] Rule 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[85] Because "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking," this Court must enter an order dismissing this suit if it finds it lacks jurisdiction to adjudicate Plaintiffs'

---

[81] *See* ECF Nos. 30, 35, 38, and 48.
[82] ECF No. 48.
[83] 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[84] *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).
[85] FED. R. CIV. P. 12(h)(3); FED. R. BANKR. P. 7012.

claims.[86] In light of the Court's ruling on the Motion to Dismiss, the Court will require the parties to appear before the Court within 14 days of the entry of this Order to address the Court's remaining jurisdiction to hear this matter. Based on the foregoing, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss is hereby **GRANTED**, as set forth more fully in the Order; it is further

**ORDERED** that the parties shall request a status conference before the Court within 14 days of the entry of this Order to address this Court's remaining jurisdiction, if any, pursuant to 28 U.S.C. § 1334; and it is further

**ORDERED** that all further matters this Court has taken under advisement in this proceeding will be held in abeyance pending the aforementioned status conference.

### ###END OF ORDER###

---

[86] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see also Smith v. Houston Indep. Sch. Dist.*, 229 F.3d 571, 575 (S.D. Tex. 2017).